IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**
JUL 2 2 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ 31 _____
DEPUTY

| | |
|---|---|
| MARK ANTHONY ORTEGA<br><br>Plaintiff,<br><br>v.<br><br>CARLOS HERRERA AND FUNDCUBE INC. D/B/A FUNDQUBE,<br><br>Defendants. | Case No. 5:24-CV-00769-XR<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## NATURE OF THE CASE

1. This action seeks to remedy the unlawful and intrusive telemarketing practices of Defendants, FundCube Inc. D/B/A FundQube ( "FundQube") and Carlos Herrera ("Herrera" and collectively, "Defendants") , who have violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the Texas Business and Commercial Code, Chapter 302 ("Tex. Bus. & Com. Code"), by initiating unwanted telemarketing calls to Plaintiff Mark Anthony Ortega ("Plaintiff" or "Ortega") without his consent and in disregard of his status on the National Do Not Call Registry, causing him frustration, annoyance, and a sense of privacy invasion.

## BACKGROUND ON THE TCPA

2. Enacted in 1991 with bipartisan support, the TCPA aims to protect consumers from the nuisance and invasion of privacy caused by unsolicited telemarketing calls, reflecting Congress's recognition of such calls as a "scourge of modern civilization." See 137 Cong. Rec. 30821 (1991).

3. Decades later, the TCPA remains a crucial safeguard against the ever-increasing volume of unwanted calls, which consistently rank among the top consumer complaints. See *Omnibus TCPA Order, 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015)*.

4. The private right of action provided by the TCPA is essential to curbing these violations.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See *Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368 (2012)* (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA). As this action involves alleged violations of the TCPA, a federal question is presented, thus conferring jurisdiction upon this Court.

6. Additionally, this Court has supplemental jurisdiction over the claims arising under Tex. Bus. & Com. Code § 302. While the Texas Business and Commercial Code, Chapter 302, is a state law, it complements and supplements the federal TCPA by providing additional protections to Texas residents against unwanted telemarketing calls. Under 28 U.S.C. § 1367, federal courts may exercise supplemental jurisdiction over state law claims that are so related to claims within the court's original jurisdiction that they form part of the same case or controversy.

7. In this instance, the claims under the Tex. Bus. & Com. Code § 302, are intertwined with the TCPA claims, as they both arise from the same set of facts involving the Defendants' alleged telemarketing calls to Plaintiff. The legal issues and factual questions involved in both sets of claims are closely related, and it would be efficient and convenient for the Court to address them

together in a single proceeding. Therefore, the Court's supplemental jurisdiction is appropriate to encompass the claims arising under Tex. Bus. & Com. Code § 302.

8. This Court has personal jurisdiction over Defendants as they conducted business within this district and purposefully availed themselves of the privilege of conducting activities within the State of Texas.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred within this district.

## PARTIES

10. Plaintiff Mark Anthony Ortega is a natural person who resided in San Antonio, Bexar County, Texas at all times relevant hereto.

11. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendant FundCube Inc. D/B/A FundQube is a California Corporation with is principal place of business in San Diego, California.

13. Defendant FundQube is a "person" as that term is defined by 47 U.S.C. § 153(39).

14. Defendant Carlos Herrera is a natural person who resides at 1207 13th St, San Diego, California, 91932.

15. Defendant Herrera is a "person" as that term is defined by 47 U.S.C. § 153(39).

## FACTUAL BACKGROUND

16. Seeking respite from the relentless intrusion of unwanted telemarketing calls, Plaintiff diligently registered his cellular telephone number, 210-744-XXXX ("Plaintiff's Number"), with the National Do Not Call Registry on or around January 23, 2012. This registration served as a clear and unequivocal expression of Plaintiff's desire to be free from the nuisance and invasion of privacy caused by unsolicited telemarketing calls.

17. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number, 210-744-XXXX.

18. Plaintiff uses his cellular phone primarily for personal, residential, and household purposes.

19. Plaintiff's Number is designated for residential use, as it is assigned to a consumer telephone exchange service and is not assigned to a telephone exchange service designated for business use.

20. Plaintiff has never granted express consent to Defendants, or any entity affiliated with them, to receive telemarketing calls.

21. Beginning on or around June 20, 2024, Plaintiff received multiple telemarketing calls from Defendant FundQube to Plaintiff's Number.

22. On June 20, 2024, at approximately 11:28 AM CT, Plaintiff answered a call from FundQube originating from phone number 214-256-4541 in which FundQube attempted to sell Plaintiff a business loan.

23. At or around 11:49 AM CT that same day, less than thirty minutes after the unsolicited phone call, FundQube sent an email from richard@fundqube.com. The email, sent under the name "Richard William," referred to the prior call and attempted to collect financial data from Plaintiff for purposes of generating a business loan offer.

24. Defendant Herrera was carbon copied to the email carlos@1netwrk.io, on the email that was sent from richard@fundqube.com to Plaintiff.

25. Upon information and belief, Defendant Herrera has access and utilizes the email carlos@1network.io.

26. Defendant Herrera owns and controls FundQube.

27. Defendant Herrera actively directs and oversees FundQube's day-to-day operations, including its marketing and telemarketing practices.

28. On or around 2:09 PM on June 20, 2024, Plaintiff responded to the email informing Defendants, in writing, that Plaintiff was not interested in Defendants' product or services and demanded that Defendants' not contact him again. Specifically, Plaintiff emailed, "Hi, I am not interested. Do not contact me."

29. Despite Plaintiff's express instructions to Defendants to cease and desist from further communications, Defendant FundQube at the direction of Defendant Herrera, continued to call Plaintiff's Number. Said calls originated from various phone numbers, all of which used NUSO, LLC as the carrier.

30. Below is a non-exhaustive list demonstrating the persistent and unlawful calls FundQube placed, to Plaintiff's phone:

| June 21, 2024, 3:10 PM CT | (779) 359-1618 |
| June 21, 2024, 4:00 PM CT | (725) 291-1410 |
| June 24, 2024, 9:21 AM CT | (314) 557-1961 |
| June 24, 2024, 2:55 PM CT | (470) 220-9406 |
| June 25, 2024, 11:09 AM CT | (864) 669-1772 |
| June 25, 2024, 2:51 PM CT | (202) 771-5584 |
| June 25, 2024, 4:57 PM CT | (256) 993-1110 |
| June 26, 2024, 10:11 AM CT | (702) 978-6970 |
| June 27, 2024, 12:43 PM CT | (737) 281-0689 |
| July 12, 2024 11:42 AM CT | (385) 832-0489 |

31. The unauthorized solicitation telephone calls that Plaintiff received from FundQube have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

32. In response to these calls, Plaintiff brings forward this case seeking injunctive relief requiring the Defendants to cease from violating the TCPA, as well as an award of statutory damages and costs.

**COUNT I**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5))**

33. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 32.

34. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his telephone number on the National Do Not Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

35. Acting directly, through agents, employees, and/or as officers of FundQube, Defendants, called Plaintiff for solicitation purposes despite the fact his number had been on the Do Not Call Registry.

36. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, and absent bona fide error or good faith mistake.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## COUNT II
### Violation of the Texas Business and Commercial Code
### (Tex. Bus. & Com. Code § 302.101)

39. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 32.

40. The actions of Defendants, as described herein, constitute "telephone solicitation" as defined under Tex. Bus. & Com. Code § 302.001(7), as they initiated or caused telephone calls to be initiated to induce Plaintiff to take out a business loan.

41. Upon information and belief, Defendants are not registered as telemarketers in Texas, as required by Tex. Bus. & Com. Code § 302.101.

42. Despite engaging in telemarketing activities within the State of Texas, Defendants failed to obtain the required registration certificate as mandated by Tex. Bus. & Com. Code § 302.101(a), demonstrating a clear violation of the Texas Business and Commercial Code and its consumer protection provisions.

43. Tex. Bus. & Com. Code §302.302(a) provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, Tex. Bus. & Com. Code §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

## COUNT III
### Violation of the Telephone Consumer Protection Act
### Failure to Honor Do-Not-Call Request
### (47 C.F.R. § 64.1200(d)(6))

44. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 32.

45. The TCPA and its accompanying regulations impose an affirmative obligation upon entities engaged in telemarketing to honor consumer requests to cease such solicitations. See 47 C.F.R. § 64.1200(d)(6).

46. Specifically, 47 C.F.R. § 64.1200(d)(6) requires a "person or entity making calls for telemarketing purposes" to "maintain a record of a consumer's request not to receive further telemarketing calls" and honor said request "for 5 years from the time the request is made."

47. On or around June 20, 2024, Plaintiff expressly instructed Defendants, in writing, to cease all telemarketing communications, effectively creating a do-not-call request pursuant to 47 C.F.R. § 64.1200(d)(6).

48. Notwithstanding Plaintiff's clear and unequivocal request that Defendants stop calling, Defendants chose to ignore Plaintiff's instructions and proceeded to send solicitations to Plaintiff's Number.

49. As a result of Defendants' failure to implement and maintain procedures reasonably calculated to honor Plaintiff's do-not-call request, and/or Defendants' intentional and knowing decision to disregard said request, Plaintiff is entitled to damages in an amount to be proven at trial.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Award Plaintiff all damages available under the TCPA, including statutory damages of $500.00 for each violation of 47 U.S.C. § 227(c), or $1,500.00 for each willful or knowing violation.

B. Award Plaintiff all damages available under Tex. Bus. & Com. Code § 302, including statutory damages of $5,000 per violation as provided under Tex. Bus. & Com. Code § 302.302(a).

C. Award Plaintiff actual damages suffered as provided under 47 U.S.C. §227(c)(5)(A)) and Tex. Bus. & Com. Code § 302.302 at trial.

D. Issue a permanent injunction prohibiting Defendants from further calls to Plaintiff in violation of the TCPA as provided under 47 U.S.C. § 227(b)(3) and (c)).

E. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to Tex. Bus. & Com. Code §302.302(a).

F. Grant any other relief deemed just and equitable by the Court.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Mark Anthony Ortega**, demands a jury trial in this case.

Dated: July 18, 2024

Respectfully submitted,

Mark Anthony Ortega
Plaintiff, Pro Se

By: _____
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
Telephone: (210) 744-9663