**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA, | § | |
| *Plaintiff* | § | |
| | § | SA-24-CV-00769-XR |
| -vs- | § | |
| | § | |
| CARLOS HERRERA,  FUNDCUBE, INC., | § | |
| | § | |
| *Defendants* | § | |

**ORDER**

On this date, the Court considered Plaintiff's Motion for Alternative Service of Process (ECF No. 6). After careful consideration, the Court issues the following Order.

**BACKGROUND**

According to Plaintiff, he received numerous telemarketing calls from Defendant FundCube Inc. d/b/a FundQube ("FundQube") beginning on June 20, 2024. Plaintiff alleges that Defendant Carlos Herrera owns FundQube. Thereafter, on July 18, 2024, Plaintiff filed suit against Defendants alleging violations of the Telephone Consumer Protection Act ("TPCA"), 47 U.S.C. §227 et seq., and the Texas Business and Commercial Code.

Plaintiff contends that a process server has since attempted to serve Defendants at 1207 13th ST, Imperial Beach, CA 91932—Defendant Herrera's last known address and FundQube's registered agent's address. ECF No. 6 at 2. However, Plaintiff states that a large dog at the residence and a "beware of dog" sign prevented the process server from safely approaching. *Id.* Accordingly, Plaintiff now seeks to effect substitute service on Defendants by affixing a copy of the Summons, First Amended Complaint, and this Order to the gate at 1207 13th ST, Imperial Beach, CA 91932.

1

## DISCUSSION

"[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010). Federal Rule of Civil Procedure 4(h) permits service of process on a corporation, partnership, or association in the same manner permitted for service on an individual under Rule 4(e)(1). Rule 4(e)(1) in turn allows service by methods under Texas law.

Texas Rule of Civil Procedure 106 permits primary service by personal service or by certified or registered mail, TEX. R. CIV. P. 106(a)(1)–(2), and permits certain methods of substituted service when primary service methods prove unsuccessful, *id.* 106(b). Texas Rule of Civil Procedure 106(b) provides that substituted service may be effected: (1) by leaving a copy of the documents with anyone over sixteen years of age at the location of the defendant's usual place of business or usual place of abode as specified by affidavit, or (2) in any other manner deemed to be reasonably effective to give the defendant notice, including social media, email, or other technology. *Id.* (b)(1)–(2). Nonetheless, Texas law prefers personal service over substituted service because greater reliability inheres in personal service. *Taylor v. State*, 293 S.W.3d 913, 915–16 (Tex. App.—Austin 2009, no pet.). Thus, only after service by one of the two methods provided in Rule 106(a) fails may a court, upon a motion supported by proper affidavit, authorize substituted

service. *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.3d 298. 98-99 (Tex. 1993). That affidavit must:

> [S]tat[e] the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stat[e] specifically the facts showing that service has been attempted under either (a)(1) [personal delivery] or (a)(2) [registered or certified mail] at the location named in such affidavit but has not been successful.

TEX. R. CIV. P. 106(b). Substituted service may be authorized only if the supporting affidavit "strictly complies" with Texas Rule 106(b)'s requirements. *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)).

Here, Plaintiff points to the returns of non-service by his process server, which show (1) Defendant Herrera's last known address and FundQube's registered agent's address and (2) state that personal service was attempted at these locations but was unsuccessful. *See* ECF No. 6. This satisfies the requirements of Rule 106 to authorize substitute service.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Alternative Service of Process (ECF No. 6). Plaintiff may serve Defendants by affixing a copy of the Summons, First Amended Complaint, and this Order to the gate at 1207 13th ST, Imperial Beach, CA 91932.

Plaintiff is also **DIRECTED** to send a copy of the Summons, First Amended Complaint, and this Order by certified mail to 1207 13th ST, Imperial Beach, CA 91932

Plaintiff shall promptly file a proof of service upon completion.

It is so **ORDERED**.

**SIGNED** this 30th day of August, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE